**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **HASINA M.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-25-3494** |
| **FRANK J. BISIGNANO, Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

## MEMORANDUM ORDER

On October 24, 2025, Plaintiff Hasina M. petitioned this Court to review the final decision of the Social Security Administration denying her claim for benefits.[1] ECF No. 1. On October 5, 2026, the undersigned affirmed the final decision denying Plaintiff's application for benefits. ECF Nos. 19–20; *Hasina M.* v. *Bisignano*, Civil Action No. EA-25-3494, 2026 WL 2996118 (D. Md. Oct. 5, 2026). On October 15, 2026, Plaintiff sought reconsideration of that decision by way of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 21. The motion is fully briefed, and no hearing is necessary.[2] ECF No. 24; Local Rule 105.6.

A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments[,] or present evidence that could have been raised prior to the entry of judgment." *Kimberly B.* v. *Kijakazi*, Civil Action No. TJS-20-2877, 2022 WL 748097, at *1 (D. Md. Mar. 11, 2022) (quotation marks and citation omitted). The Court may alter or amend a final judgment pursuant to Rule 59(e) only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

---

[1] This case was referred to a United States Magistrate Judge with the parties' consent and reassigned to the undersigned on August 6, 2026. ECF Nos. 4, 6–7; 28 U.S.C. § 636; Local Rule 301.4 (D. Md. Dec. 1, 2025).

[2] Plaintiff elected not to file a reply and time for doing so has expired. Local Rule 105.2(a).

manifest injustice." *Krista M.* v. *Kijakazi*, Civil Action No. MJM-21-2474, 2023 WL 9173074, at *1 (D. Md. Dec. 7, 2023) (citing *United States ex rel. Becker* v. *Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to" relitigate issues the Court has already considered and decided. *Crocetti* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Ultimately, reconsideration of a final judgment is an "extraordinary remedy that should be used sparingly." *Jarvis*, 2017 WL 467736, at *2.

Plaintiff contends that reconsideration is required to prevent manifest injustice. ECF No. 21. Yet, the only manifest injustice she identifies is that the Administrative Law Judge's opinion is not supported by substantial evidence. *Id.* The undersigned already rendered a decision to the contrary. *Hasina M.*, 2026 WL 2996118. Reconsideration is properly denied where a claim of manifest injustice is no more than an attempt to relitigate arguments previously raised—and rejected. *E.g.*, *Williams* v. *Del Toro*, No. 1:24-CV-1730-MSN-WEF, 2025 WL 3542133, at *2 (E.D. Va. Dec. 10, 2025). In sum, "there must be more than simply a 'mere disagreement' with a decision to support a Rule 59(e) motion." *Williams* v. *Fontanez*, Civil Action No. GLR-22-1882, 2023 WL 8174323, at *1 (D. Md. June 5, 2023) (quoting *Hutchinson* v. *Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Based on the foregoing, it is hereby ORDERED that Plaintiff's motion to alter or amend judgment (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Date: November 12, 2026

/s/
Erin Aslan
United States Magistrate Judge